[L. A. No. 8963.   In Bank.—December 20, 1928.]

CHARLES G. ANDREWS et al., Appellants, v. C. L. WALDO, Respondent.

S. T. Hanky and Janeway, Beach & Pratt for Appellants.

Edmond Nichols, Franklin J. Cole, Walter H. Sprague and Cole & Sprague for Respondent.

SHENK, J.—This is an appeal from a judgment of nonsuit in an action for a real estate commission.

On April 17, 1923, the defendant was the owner of certain real property on South Flower Street in the city of Los Angeles. On that day he signed what is called an "Exclusive Agency Contract," wherein he listed said property with the plaintiffs and employed them as his exclusive agents for a period of thirty days to negotiate for sale and to sell said property at the price of $60,000, payable "$30,000 cash; balance evidenced by a note for $30,000 secured by a first mortgage, interest at 7% per annum, payable quarterly." By this written instrument the defendant further agreed "to sell said property to such purchaser as the agent may procure within the time, for the price and upon the terms aforesaid, and to convey said property to such purchaser by good and sufficient grant deed and to furnish guarantee or continuation guarantee of title thereon" showing title to be in the defendant free and clear of encumbrance except current taxes not yet payable. In the event the plaintiffs should procure a purchaser "as above provided," written notice thereof was to be given to the defend-

ant on or before May 17, 1923, and the defendant agreed to pay the plaintiff the sum of $2,000 as a commission on account of such sale. The last paragraph of the agreement is as follows: "Said agent is hereby appointed the attorney in fact of the undersigned owner, with full power to execute, in the name and on behalf of the undersigned, an agreement of sale of said property with any purchaser obtained within the time, for the price and upon the terms aforesaid, and said agent may retain its said commission out of moneys coming into its possession on account of the purchase price."

On May 17, 1923, the Charles G. Andrews Company, plaintiffs herein, as agents, signed a document called "Sale Deposit Receipt," which in part stated: "Received from Jacob Steinberg the sum of Five Hundred Dollars ($500.00) as deposit and part payment on account of the purchase from C. L. Waldo of the following described property [describing it] this day sold to said Jacob Steinberg which said property said purchaser agrees to buy for the sum of Sixty Thousand Dollars ($60,000), payable as follows: Thirty Thousand Dollars ($30,000) cash (including the amount herein receipted for), upon the execution and delivery of good and sufficient deed covering said property to Jacob Steinberg," together with certificate of title, etc. The receipt then provided that the balance of the purchase price should be evidenced by a note in the sum of $30,000 payable "on or before 3 years from its date" and secured by a first mortgage on the property. Time was made the essence of the contract and it was further "understood and agreed that the sale of the property, upon the terms herein set forth, shall be agreed to, and accepted by the owner within five (5) days from this date, or the deposit herein receipted for shall be refunded to said purchasers immediately thereafter upon demand. If the price and terms herein set forth are accepted by the owner of said property within said specified time, said owner shall have reasonable time for having guarantee of title to said property made or brought down to date. . . . If the purchaser does not complete the purchase as hereinbefore provided within 30 days after notice from the owner of his ability and readiness to convey said property as herein provided, then the said deposit at the election of said owner shall be forfeited, and it shall thereupon be paid, less the commission

of the undersigned agents, to the owner." Insurance and rents were to be prorated and interest credited to close of escrow. The paper was signed by the plaintiffs as "agent." Below the plaintiffs' signature was the following: "I hereby agree to purchase the real property above mentioned and described upon the terms and conditions above set forth. Dated May 17, 1923. (signed) Jacob Steinberg, purchaser." Below Steinberg's signature was the following: "I hereby agree to sell the real property above mentioned and described at the price and upon the terms set forth in the foregoing instrument and agree to execute and deliver a good and sufficient deed conveying said property to said purchaser in accordance with the provisions thereof. . . . " Immediately thereafter was a line provided for the signature of the owner.

On May 17, 1923, the plaintiffs by letter notified the defendant that they had sold the property to Mr. Steinberg "in accordance with the terms of the agency contract." On the same day the agent of the plaintiffs exhibited to the defendant the "Sales Deposit Receipt" and requested him to sign it on the line provided for the signature of the owner. The defendant refused to sign the contract on the ground that the terms embodied therein did not comply with the terms of the "Exclusive Agency Contract" theretofore signed by him. His refusal to accept or sign the contract was confirmed by him by letter dated May 19, 1923, on the ground that said contract did not comply with the requirements of the listing contract. Again on May 28th the defendant notified Steinberg that the "Sales Deposit Receipt" did not comply with the terms of the contract signed by the defendant and that particulars wherein it did not comply would be received from the defendant's attorney, whose name and address were given.

Thereafter and on May 24, 1923, the plaintiffs brought this action against the defendant for $2,000 commission. On July 9, 1923, Steinberg brought an action against the defendant for $10,000 damages for breach of contract to sell and convey the property. After issue joined the causes came on for trial at the same time. Counsel for the parties were the same in both cases. It was stipulated that both causes should be tried together and that all evidence re-

ceived should be considered as received in either or both where material or relevant to the issues involved therein. Evidence was produced on behalf of the plaintiffs. When the plaintiffs in both cases had rested counsel for the defendant in the present case moved for a nonsuit on the ground that the plaintiffs had failed to prove their case. A ruling on the motion was reserved by the court. Thereafter further evidence was produced both on behalf of the plaintiffs and the defendant. Whereupon the defendant renewed his motion for a nonsuit in the present cause and also moved the court for a nonsuit in the Steinberg case. The court denied the motion in the Steinberg case. Findings of fact and conclusions of law and judgment for the defendant were signed and filed in that case. The motion for a nonsuit in the present case was granted. Appeals were taken by the plaintiffs in both cases. In the Steinberg case the court found that the terms of the contract known as the "Sales Deposit Receipt" signed by the Andrews Company were not in compliance with the terms of the contract called the "Exclusive Agency Contract," and further found on sufficient evidence as to the value of the property that Steinberg had not been damaged by the defendant's alleged breach of contract, and further found that the defendant was not guilty of bad faith in the transaction. On appeal the judgment in the Steinberg case was affirmed on the ground that the finding of the court with reference to the value of the property and consequent failure to prove damage was sustained by the evidence. (*Steinberg* v. *Waldo*, 90 Cal. App. 18 [265 Pac. 536].) Concurrently the district court of appeal (Cal. App.), 265 Pac. 532, reversed the judgment in the present case on the ground that the terms of the "Sales Deposit Receipt" were in compliance with the terms of the "Exclusive Agency Contract"; that under the evidence on behalf of the plaintiff in the present case the defendant was guilty of bad faith in refusing to conclude the transaction and directed the trial court on the record presented on appeal to prepare findings in favor of the plaintiff in accordance with the views expressed by the district court of appeal and to enter judgment in favor of the plaintiff for the sum prayed for, with interest from May 17, 1923, and costs,

referring in its action to the authority granted to courts on appeal by section 956a of the Code of Civil Procedure, as added by Stats. 1927, p. 583.

We think the motion for a nonsuit was properly granted. The contract signed by the defendant was a definite offer in writing to sell the property and authorizing the plaintiffs to enter into a binding contract of sale with a purchaser in the name of the defendant. There was much evidence on the part of the plaintiffs as to custom and usage in real estate transactions and it was endeavored to prove that the terms of the "Sales Deposit Receipt" not found in the "Exclusive Agency Contract" were in accordance with such usage and custom. But in this respect the proof failed of its purpose in at least two respects. First, the evidence showed that it was customary to cause a mortgage such as the one here to be executed to secure the balance of the purchase price to run for a full period of three years and that the definiteness of the period operated to the benefit of the mortgagee in the salability of the note and mortgage. By the terms of the "Sales Deposit Receipt" the term of the note and mortgage to be executed by Steinberg was to be "on or before three years" from their date. Secondly, the contract signed by the defendant specified payment of "$30,000 cash." The contract signed by Steinberg as the proposed purchaser was intended by its terms to give him thirty days from and after notice from the defendant of the latter's ability and readiness to convey the property by delivery of a deed and certificate of title. In other words, Steinberg was to have thirty days after notice from the defendant that the escrow was ready to be closed within which to make the cash payment. There was no evidence that it was customary to allow the purchaser thirty days after notice from the owner that the escrow was ready to be closed to put up the cash payment.

The defendant testified, when called as a witness by the plaintiffs under section 2055 of the Code of Civil Procedure, that the provision of the "Sales Deposit Receipt" delaying the cash payment was the principal reason why he refused to sign that document. Steinberg did not offer to make the cash payment except as specified in the "Sales Deposit Receipt" until many days after the time limit fixed by the "Exclusive Agency Contract" had expired. The

reasons advanced by the defendant at the time for his refusal to sign the "Sales Deposit Receipt" were sufficient, we think, to justify the conclusion that he was acting in good faith in the matter and to negative any inference of bad faith which might arise from the evidence on behalf of the plaintiff or from the evidence as a whole.

Further, the "Sales Deposit Receipt" was not, and did not purport on its face to be an acceptance of the written offer of the defendant as embodied in the "Exclusive Agency Contract." Nor did it purport to be a contract executed by the plaintiffs under their power of attorney and binding on the defendant. In effect it constituted a counter-proposition which by its terms was to be agreed to and be signed by the defendant before it should become operative.

When the trial court granted the motion for a nonsuit in the present case it also granted the motion of defendant's counsel to strike from the record certain evidence relating to custom and usage as to the terms of real estate sales contracts. This ruling is assigned as reversible error. ■ It may not be disputed that parties who contract as to a subject matter concerning which known usages prevail, incorporate such usages into their agreements by implication. (*Luckehe* v. *First Nat. Bank of Marysville*, 193 Cal. 184 [223 Pac. 547]; *Brown* v. *Central Land Co.*, 42 Cal. 257, 260; 25 Cal. Jur., p. 420.) But by express code provision stipulations which are necessary to make a contract conformable to usage are implied only in respect to matters concerning which the contract manifests no contrary intention. (Sec. 1655, Civ. Code.) In other words, where the known usage and the contract are in conflict the contract prevails. ■ The court was in error in striking out all evidence of usage as to matters not covered by the written contract, but the error will not justify a reversal of the judgment. All of the evidence stricken is in the record before us. If the motion to strike had been denied, the court would have been warranted in granting the motion for a nonsuit by reason of proof of terms in the "Sales Deposit Receipt" which were contrary to usage and because of failure of proof justifying the inclusion in said contract of the provision with reference to the delay in the cash payment.

From a careful examination of the record we are satisfied that the plaintiffs failed to prove that they provided a purchaser ready, able, and willing to purchase the property within the time and upon the terms specified by the defendant in his written contract.

After the hearing was granted in this court briefs were filed by the respective parties especially bearing upon the scope and effect of section 956a of the Code of Civil Procedure as amended in 1927. This discussion became pertinent because of the conclusion expressed by the district court of appeal, with reference to the facts found on the trial, reversing the judgment and directing the trial court to make findings in accordance with the facts found by the district court of appeal and to enter judgment for the plaintiffs on such findings.

Our determination of the appeal removes from the case the question of the power of the court on appeal under section 956a of the Code of Civil Procedure.

The judgment is affirmed.

Richards, J., Seawell, J., Curtis, J., Tyler, J., *pro tem.*, Waste, C. J., and Preston, J., concurred.